

6CV05631

STATE OF NORTH CAROLINA     IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
DURHAM COUNTY     CIVIL ACTION NUMBER:

| | |
|---|---|
| Marcus Andrew Smith,<br>    *Plaintiff*, <br><br>vs.<br><br>Computer Task Group, Inc.,<br>    *Defendant*. | **COMPLAINT**<br>*(Jury Trial Requested)* |

## I.

Plaintiff is a male citizen of the United States and the State of North Carolina and resides in Wake County, North Carolina.

## II.

The unlawful practices alleged herein were committed within the State of North Carolina; specifically in Durham, North Carolina.

## III.

Defendant Company is a corporation qualified to do business in Durham County, and the state of North Carolina.

## IV.

Defendant Company is an employer engaged in an industry that affects commerce and employs more than fifteen (15) employees.

**EXHIBIT A**

## V.

Defendant Company delivers information technology staffing and solutions and application management outsourcing to various customers throughout the world.

## VI.

Plaintiff began his employment as a Technical Education Developer with the Defendant Company in October, 2001. In December, 2005 the Plaintiff was injured on the job. The Plaintiff further contends that although his supervisors were aware of the injury, they discouraged him from pursuing medical treatment

## VII.

In January, 2006 Plaintiff advised the Managing Director for the Mid-Atlantic Region that he, because of his on-the-job injury, intended to pursue medical treatment pursuant to his rights under the Worker's Compensation Act. Thereafter, an Employee Incident Report form was filled out which initiated the Worker's Compensation process.

## VIII.

The Plaintiff contends that after filing the Worker's Compensation claim, he was repeatedly and intentionally harassed and retaliated against by the Defendant in numerous ways which effected him negatively, both physically and emotionally.

## IX.

The Plaintiff contends that he was terminated on March 16, 2006 due to an alleged company violation.

### X.

The Plaintiff filed a complaint with the North Carolina Department of Labor regarding his termination shortly after his termination in March, 2006. Thereafter, he received a Notice of Right to Sue on June 29, 2006. A copy of the Notice is attached hereto.

### XI.

The Plaintiff contends that the Defendant Company's alleged reason for his termination is false and pretextural; and that the true reason for his termination is due to retaliation for filing a Worker's Compensation Claim.

### XII.

Defendant, by and through its agents, engaged in conduct including but not limited to making false accusations against the Plaintiff pertaining to his integrity and job performance, which was designed to impugn him professionally. Further, Defendant engaged in conduct which was designed to exacerbate his physical injury.

### XIII.

The Plaintiff contends that Defendant's conduct, by and through its agents, exceeds all bounds of human decency. As a result of Defendant's extreme, outrageous, atrocious, wanton, willful and utterly intolerable conduct, the Plaintiff suffered severe emotional distress, including but not limited to severe anxiety and stress.

### XIV.

Alternatively, Defendant negligently engaged in conduct wherein it was reasonably foreseeable that such conduct would cause severe emotional distress to the Plaintiff. Further, Defendant's actions indicate a reckless indifference to the likelihood that they would cause severe emotional distress to the plaintiff. As a result, the Plaintiff suffered severe emotional distress.

## XV.

All supervisors were, at all times herein, working within the course and scope of their employment and in furtherance of the employers business. Further, pursuant to the doctrine of respondeat superior, the Defendant Company is vicariously liable for acts herein alleged against all co-workers and supervisors.

## COUNT ONE

The Defendant Company is liable to the Plaintiff for Wrongful Termination in violation of the Public Policies of the state of North Carolina, namely N.C.G.S. § 95-241.

## COUNT TWO

The Defendant is liable to the Plaintiff for the Negligent Infliction of Emotional Distress.

## COUNT THREE

The Defendant is liable to the Plaintiff for the Intentional Infliction of Emotional Distress.

**WHEREFORE, Plaintiff prays the Court that it:**

1. Award Plaintiff compensatory damages for pecuniary losses, emotional pain, and mental anguish in an amount in excess of $10,000, together with attorneys fees and the costs and disbursements of this action;

2. Award Plaintiff punitive damages in an amount in excess of $10,000;

3. Grant Plaintiff a jury trial on all issues of fact, and;

4. Grant such other relief as may be just and proper.

This the 8th of Sept., 2006.

**GRAY NEWELL, LLP.**

BY: _____
Angela Newell Gray
8 West Third Street, Suite 100A
Winston-Salem, NC 27101
(336) 724-0330
Attorney for Plaintiff
N.C. Bar #21006



## NCDOL
N.C. Department of Labor

CHERIE K. BERRY
COMMISSIONER

SKIP EASTERLY
ADMINISTRATOR
EMPLOYMENT DISCRIMINATION BUREAU

June 29, 2006

Marcus Smith
c/o Kesaela McIntosh
POB 41403
Raleigh, NC 27629-1403

    **File:** 226-06    **Complainant:** Marcus Smith
                               **Respondent:** CTG

Dear Mr. Smith:

    Your complaint alleging a violation of the Retaliatory Employment Discrimination Act (REDA) has been investigated by the Employment Discrimination Bureau of the North Carolina Department of Labor. Based on the facts and documents reviewed during the investigation, it has been determined there was not enough evidence to substantiate a violation of the law. Therefore, your complaint file is being closed. By copy of this letter, the Respondent is being notified of this action. Section 95-242 of REDA requires us to notify you of the right to take your own legal action in this matter.

    THIS IS YOUR RIGHT-TO-SUE LETTER. THIS IS THE ONLY OFFICIAL NOTICE YOU WILL RECEIVE FROM THE DEPARTMENT OF LABOR THAT YOUR COMPLAINT HAS BEEN INVESTIGATED AND THAT YOU HAVE A RIGHT TO FILE A LAWSUIT IN SUPERIOR COURT. IF YOU TAKE YOUR OWN ACTION, A LAWSUIT <u>MUST BE FILED WITHIN NINETY (90) DAYS</u> OF THE DATE AT THE TOP OF THIS LETTER.

    You may want to talk with a private attorney to determine whether you should file a lawsuit in this matter. If you do not have an attorney, you could contact the North Carolina Bar Referral Service at 1-800-662-7660. If you cannot afford an attorney, you could contact Legal Services of North Carolina at (919) 856-2564 to get the number of the Legal Services office nearest you.

    If you have further questions about this case, please call the Investigator who handled your complaint. If you have general questions about REDA, you should call our Information Officer at (919) 807-2823.

                                        Sincerely,

                                        *C. C. Gooding*

                                        C. C. (TOM) GOODING
                                        DISCRIMINATION INVESTIGATOR

CC: RESPONDENT
     FILE

3720-A BATTLEGROUND AVE. #114 • GREENSBORO, NORTH CAROLINA 27410
(336) 256-7963 • FAX: (336) 286-7909