IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MARCUS ANDREW SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:06CV00907 |
| | ) | |
| COMPUTER TASK GROUP, INC, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM ORDER

TILLEY, District Judge

    This matter is currently before the Court on Plaintiff Marcus Andrew Smith's Motion to Amend the Complaint [Doc. # 8] and Motion to Remand [Doc. # 9]. For the reasons set forth below, the Motion to Amend [Doc. # 8] is DENIED, and the Motion to remand is DENIED. [Doc. # 9].

I.

    Mr. Smith filed a complaint against his former employer, Defendant Computer Task Group, Inc. ("CTG"), in the General Court of Justice, Superior Court Division, Durham County, alleging wrongful termination, negligent infliction of emotional distress, and intentional infliction of emotional distress under North Carolina law. In particular, Mr. Smith asserted that following an on-the-job injury and filing of a workers' compensation claim, he was harassed and retaliated against by CTG and its agent employees.

1

On October 17, 2006, CTG timely removed the action to this Court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. CTG answered the complaint at the time of removal. On November 14, 2006, Mr. Smith filed a motion to amend the complaint, citing Federal Rule of Civil Procedure 15(a), seeking to add two CTG employees, Michael Parris and Dawn Borden, as individual defendants. The proposed Amended Complaint asserts that it is the conduct of these individuals that gives rise to Mr. Smith's claims against CTG. The joinder of Mr. Parris and Ms. Borden, who are both North Carolina residents, would defeat diversity. Thus, Mr. Smith has also filed a simultaneous motion to remand.

II.

Generally, amendments to pleadings are governed by Rule 15(a), which provides that leave to amend "shall be given freely when justice so requires." Fed. R. Civ. P. 15(a). However, in situations such as this, where "a plaintiff seeks to join a nondiverse defendant after the case has been removed, the district court's analysis begins with 28 U.S.C. § 1447(e)." Mayes v. Rapoport, 198 F.3d 457, 461, 462 n.11 (4th Cir.1999). Section 1447(e) provides, "(i)f after removal the plaintiff seeks to join additional defendants *whose joinder would destroy subject matter jurisdiction*, the court may deny joinder, or permit joinder and remand the action to the state court." 28 U.S.C. § 1447(e) (emphasis added).

When considering a motion to amend that implicates section 1447(e), the Fourth Circuit has instructed that courts should consider the following factors: (1)

2

"the extent to which the purpose of the amendment is to defeat federal jurisdiction"; (2) "whether the plaintiff has been dilatory" in seeking an amendment; (3) "whether the plaintiff will be significantly injured if amendment is not allowed"; and (4) "any other factors bearing on the equities." Mayes 198 F.3d at 462 (citation omitted). Ultimately, the Mayes court explained that the "district court, with input from the parties, should balance the equities in deciding whether the plaintiff should be permitted to join a nondiverse defendant." Id. at 463.

In support of his Motion to Amend, Mr. Smith cites Rule 19 of the North Carolina Rules of Civil Procedure and asserts that the individual defendants are necessary parties to this action. In particular, Mr. Smith asserts that the individuals must be joined because their presence as parties is required in order for him to pursue his claims against CTG, which are based on a theory of vicarious liability. Mr. Smith asserts that "these claims require the joining of an individual Defendant for purposes of invoking liability to the employer." [Doc. # 10 at 2].

CTG denies that the individual defendants must be joined in order for Mr. Smith's claims to proceed against CTG on a theory of vicarious liability and asserts that Mr. Smith seeks to join the individuals as defendants solely for the purpose of destroying diversity. In support of its argument, CTG cites Fourth Circuit case law holding that the filing of a motion to amend in close proximity to removal and prior to the completion of discovery, suggests the amendment is sought for the purpose of destroying diversity. [Doc. # 13 at 5 (citing cases)].

3

As to the first two factors, it does not appear that Mr. Smith seeks to add the individuals as a result of newly discovered information, which strongly counsels against allowing the amendment. See Newman v. Motorola, Inc., 218 F. Supp. 2d 783 (D. Md. 2002) (denying motion to amend where the plaintiffs made "no attempt to add the nondiverse defendant until after removal . . . although the relevant facts . . . were in the possession of the plaintiffs well before suit was filed"); Gum v. Gen. Elec. Co., 5 F. Supp. 2d 412, 414 (S.D.W.Va. 1998) (denying motion to amend where plaintiff filed motion shortly after removal and prior to discovery, thus "eliminating the argument [that plaintiff] discovered facts previously solely with Defendants' possession"); Tye v. Costco Wholesale, No. Civ. A. 2:05-CV190, 2005 WL 1667597, at *4 (E.D. Va. June 14, 2005) (allowing motion to amend where "it was *only after further investigation* into the circumstances surrounding plaintiff's claim that it became apparent that [the individual defendants] had played significant roles in causing psychological injury to plaintiff") (emphasis added).

At the time this action was filed in state court, it appears Mr. Smith knew that actions committed by the proposed individual defendants served as the basis for his action against CTG. Despite this knowledge, Mr. Smith chose not to name the individuals as defendants and did not seek to add them as parties until CTG filed its Notice of Removal. These facts support a finding that the primary purpose of the amendment is to destroy diversity.

4

Moreover, Mr. Smith's assertion that the addition of the individuals is required in order to support a finding that CTG is liable is without merit. The cases upon which Mr. Smith rely clearly support the established proposition that an employer may be vicariously liable for the conduct of its employees. However, the cases do not support the inference Mr. Smith suggests – that "failure to join the individual Defendant will bar recovery on an emotional distress claim against the employer." [Doc. # 10, at 3]. See Harrison v. Edison Bros. Apparel Stores, Inc., 924 F.2d 530, 534 (4th Cir. 1991) (noting that the "exoneration of an employee/agent is fatal to a vicarious claim against an employer/principal under the substantive North Carolina law"); Brown v. Burlington Inds., Inc., 93 N.C. App. 431, 433, 439, 378 S.E.2d 232, 233, 237 (1989) (upholding jury verdict against employer based on conduct of employee and noting that plaintiff voluntarily dismissed the action as to the employee on the second day of trial).

In examining the remaining factors applicable to an analysis under section 1447(e), if Mr. Smith wants to seek any recovery from the individuals, it would be necessary for him to file an action against the individuals in state court. Certainly, proceeding with similar trials in state court and federal court would be expensive and time consuming. However, this potential dilemma was created solely by Mr. Smith; he was aware of the potential liability of the individuals at the time he filed the state court action and elected not to name them as defendants. Mr. Smith's only argument regarding prejudice is based on his assertion that he cannot seek

5

recovery against CTG unless the individuals are named.  As noted above, however, this assertion is not supported by the applicable law.

In considering the factors identified by the Fourth Circuit in <u>Mayes</u> and balancing all of the equities, the Motion to Amend the Complaint to add the individual defendants is DENIED [Doc. #8].  Because complete diversity remains between the parties, the Motion to Remand is also DENIED.  [Doc. # 9].

This the day of May 10, 2007

<u>    /s/ N. Carlton Tilley, Jr.    </u>
United States District Judge